NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SKULL SHAVER, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE CUT BUDDY,<br><br>    Defendant. | Civil Action No. 24-10116 (SDW) (SDA)<br><br>**ORDER**<br><br>March 26, 2026 |

**WIGENTON, District Judge.**

Before this Court is Magistrate Judge Stacey D. Adams's ("Judge Adams") Report and Recommendation (D.E. 22 ("R&R")), dated October 14, 2025, which recommends that this Court grant Defendant The Cut Buddy's ("Defendant") Motion to Transfer, (D.E. 17). This Court has reviewed the reasons set forth by Judge Adams in the R&R and is also in receipt of Plaintiff's objection.

Plaintiff's contention that venue is proper in the District of New Jersey because it is a more convenient forum given the presence of a key witness is meritless. First, this argument was not properly raised before Judge Adams and was thus waived. *See In re Nat'l Collegiate Student Loan Trs.*, 971 F.3d 433, 444 (3d Cir. 2020) ("Arguments not presented to a magistrate judge and raised for the first time in objections to the magistrate's recommendations are deemed waived."). Second, convenience is not a proper basis upon which to deny transfer in this patent infringement action. *See In re Oath Holdings*, 98 F.3d 1301, 1306 (Fed. Cir. 2018) ("The statutory rights under §§

1400(b) and 1406(a) are independent of the convenience-based rights under § 1404(a).”); *Kahn v. Hemosphere Inc.*, 825 F. App'x 762, 770 (Fed. Cir. 2020) (concluding § 1400(b) sets the standard as to whether venue is proper in patent infringement actions and rejecting the plaintiffs' argument that venue was proper in the district their patent infringement matter was initially brought in where the plaintiffs argued the original forum was the most convenient under 28 U.S.C. § 1404(a)). *Compare* 28 U.S.C. § 1400(b) (providing venue in a civil action for patent infringement is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business"), *with* 28 U.S.C. § 1404(a) (stating a district court may transfer a civil action "[f]or the convenience of parties and witness, in the interest of justice"). Lastly, Plaintiff only argues that New Jersey would be preferred and failed to argue why North Carolina would be an improper venue. This Court finds no basis to deny the Motion to Transfer. Based on the foregoing, and for good cause shown,

**IT IS**, on this 26th day of March 2026,

**ORDERED** that Judge Adams's R&R is **ADOPTED** as the conclusions of law of this Court.

**ORDERED** that this matter be transferred to the Middle District of North Carolina.

**SO ORDERED.**

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
        Stacey D. Adams, U.S.M.J.

2